IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Nelson Roy Threatt,  )<br> )<br>  Plaintiff,  )<br> )<br>  vs.  )<br> )<br>Carolyn W. Colvin, Acting Commissioner  )<br>of Social Security,  )<br> )<br>  Defendant.  )<br> )<br>_____)  | Civil Action No. 9:15-4664-RMG<br><br>**ORDER** |

Plaintiff has brought this action *pro se* pursuant to 42 U.S.C. § 405(g) seeking judicial review of the final decision of the Commissioner of Social Security denying his claim for Disability Insurance Benefits ("DIB") and Supplemental Insurance Income ("SSI"). In accord with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 DSC, this matter was referred to a United States Magistrate Judge for pre-trial handling. The Magistrate Judge issued a Report and Recommendation on December 6, 2016, recommending that the Commissioner's decision be affirmed. (Dkt. No. 33). Plaintiff filed no response to the Report and Recommendation. As more fully set forth below, the decision of the Commissioner is reversed and remanded for further action consistent with this order.

**Legal Standard**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court may accept, reject, or modify, in

whole or in part, the recommendation of the Magistrate Judge. 28 U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. The Act provides that the "findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. §405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes *de novo* review of the factual circumstances that substitutes the Court's findings of fact for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971).

Although the federal court's review role is a limited one, "it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). Further, the Commissioner's findings of fact are not binding if they were based upon the application of an improper legal standard. *Coffman v. Bowen*, 829 F.2d 514, 519 (4th Cir. 1987).

Under the regulations of the Social Security Administration, the Commissioner is obligated to consider all medical evidence and the opinions of medical sources, including treating and examining physicians. *Id.* § 404.1545. This includes the duty to "evaluate every medical opinion we receive." *Id.* § 404.1527(c). Special consideration is to be given to the opinions of treating and examining physicians of the claimant. As the agency regulations provide, "generally, we give more weight to opinions of a source who has examined you than to the opinion of a source who has not examined you." *Id.* § 404.1527(c)(1). The opinions of treating and examining physicians are weighed under a broad range of factors, including the examining

-2-

relationship, the treatment relationship, length of treatment, nature and extent of the treatment relationship, supportability of the opinions in the medical record, consistency, and whether the treating physician was a specialist. *Id.* §§ 404.1527(c)(1)-(5).

A Social Security claimant who satisfies the legal requirements for a work-related disability may nonetheless be denied benefits under some circumstances if he has been noncompliant with medical treatment. *Preston v. Heckler*, 769 F.2d 988, 990 (4th Cir. 1985). The Fourth Circuit has ruled, however, that "[i]f noncompliance is ultimately to be found the basis for denying benefits," the Commissioner carries the burden of producing evidence and making a "particularized inquiry" that the claimant's condition was "reasonably remediable" and he "lack[ed] good cause for failing to follow a prescribed treatment plan." *Id.* at 990-91; *Fleming v. Barhart*, 284 F. Supp. 2d 256, 274 (D. Md. 2003). "Essential to a denial of benefits" for noncompliance is a finding that if the claimant followed his prescribed treatment he could return to work. *Rousey v. Heckler*, 771 F.2d 1065, 1069 (7th Cir. 1985). Further, a claimant's lack of compliance with prescribed medical treatment caused by poverty or lack of access to medical care cannot be the basis for denial of Social Security benefits. *Lovejoy v. Heckler*, 790 F.2d 1114, 1117 (4th Cir. 1986).

## Factual Background

Plaintiff, then 42 years of age, applied for DIB and SSI with the Social Security Administration on August 21, 2013, alleging that he had been disabled since July 17, 2008. Plaintiff asserted that he suffered from a variety of impairments, including the recurrence of severe back pain following a 2006 back surgery, liver disease and diabetes. It is uncontested that Plaintiff has not been gainfully employed since the alleged onset date of July 17, 2008. Tr. 12.

As part of the Social Security Administration review of his disability application, Plaintiff underwent an examination by a consulting physician, Dr. George Mills, on December 23, 2009. Dr. Mills documented Plaintiff's history of significant back pain (a constant 6 on a 1-10 pain scale) with radiating pain down both legs. Dr. Mills further documented Plaintiff's inability to walk greater than 60-80 feet at any one time and to lift any appreciable weight. He concluded that "the man is not getting any treatment at all and his progress is downhill. His prognosis is certainly guarded because of the constant pain." Tr. 273-276.

Plaintiff underwent a second examination by a consulting physician, Dr. Pravin Patel, on June 8, 2012. Dr. Patel documented Plaintiff's complaints of severe back pain and radiating leg and foot pain. He noted that Plaintiff's back pain was exacerbated with walking, lifting, standing, and sitting and was improved with rest. Dr. Patel document a relatively normal and benign back examination. He also noted that Plaintiff was not then receiving medical treatment for his back ailments. Dr. Patel further documented Plaintiff's admitted heavy use of alcohol, with the Plaintiff stating that the drinking relieved his back pain. Tr. 341-344.

Plaintiff was seen at the Sandhills Medical Foundation, a charitable medical clinic, beginning in August 2013 regarding his severe back pain. He reported that he had not seen a physician in years, explaining that he had no insurance or other means to pay for his medical care. A MRI of the lumbar spine was ordered and performed on August 28, 2013, and documented the presence of significant spinal pathology. This included recurrent disc desiccation with a focal right central disc protrusion at L4-5 that produced "anterior effacement of the right and left L5 nerve roots." Tr. 361-2. Sandhills treating physicians recommended Plaintiff for referral to an orthopaedist for back surgery, physical therapy and pain management.

However, he repeatedly advised Sandhills physicians he had no insurance or other means to afford such medical treatment. Tr. 363-4, 365-366, 367-68, 400-401, 406-407.

Plaintiff's application for disability benefits was denied administratively within the Social Security Administration, and he timely filed an appeal. An administrative law judge ("ALJ") conducted an evidentiary hearing regarding his appeal on April 29, 2015. Plaintiff and a vocational expert testified at the administrative hearing. Plaintiff confirmed his medical history of severe back and radiating leg pain and a limited ability to walk, sit and stand for any appreciable period. Tr. 30-34. The ALJ asked Plaintiff why he had not received medical treatment for his back pain, and he stated "I can't afford it." Tr. 35-36. The ALJ then asked how he was able to obtain his medical treatment at Sandhills, and he explained that "my wife pays the twenty-dollar sliding scale fee." Tr. 36.

The ALJ issued a decision on May 26, 2015, finding that Plaintiff suffered from multiple severe impairments, including degenerative disc disease, status post back surgery, cirrhosis, and diabetes. Tr. 12. Despite these multiple severe impairments, the ALJ concluded that Plaintiff still had the residual functional capacity to perform a reduced range of sedentary work. Tr. 13-17. A vocational expert opined that there existed a sufficient number of jobs in the national economy Plaintiff could perform despite his highly compromised residual functional capacity. Tr. 36-38. On that basis, the ALJ concluded that Plaintiff was not disabled under the Social Security Act. Tr. 18.

In reaching his conclusion that Plaintiff was not disabled, the ALJ made repeated reference to the fact that the claimant had not received medical treatment for his back condition for a number of years. Tr. 15. He did not mention, however, the multiple references in the

record to Plaintiff's inability to afford further medical treatment. Additionally, the ALJ elected to give "little weight" to the examination findings and conclusions of Dr. George Mills, finding that his opinions were not supported by "diagnostic testing" and was "based heavily upon the claimant's self-reports." Tr. 14. The ALJ's decision eventually became the decision of the Commissioner, and Plaintiff timely filed his *pro se* appeal to this Court.

## Discussion

It is important to note at the outset that the Commissioner found that Plaintiff has severe impairments which have markedly reduced his residual functional capacity. The ALJ's finding that Plaintiff could perform only a reduced range of sedentary work indicated the claimant had the highest level of impairment possible under the Social Security Act and still not be disabled. Therefore, even a relatively small error by the Commissioner could well tip the balance between the Plaintiff's disability and non-disability finding. Further, since the Plaintiff is proceeding in this appeal *pro se*, the Court has carefully scrutinized this record to confirm compliance with all legal requirements and standards under the Social Security Act. After review of this record, the Court finds that there are significant errors requiring reversal and remand.

### A.   Failure to Properly Consider the Opinions of Plaintiff's Examining Physician, Dr. George Mills

The Commissioner is obligated under agency regulations to provide greater weight to the opinions of examining physicians and to consider all of the medical evidence in the record. §§ 404.1527(c), 404.1545. Dr. Mills issued a report finding serious limitations in Plaintiff's capacity for work and a "guarded" prognosis because of his "constant pain." In deciding to give "little weight" to Dr. Mills' opinions, the ALJ erroneously stated that diagnostic studies in the

record did not support the opinions of Dr. Mills. Tr. 14. In fact, the August 2013 MRI documented the presence of significant spinal pathology, including nerve root effacement secondary to Plaintiff's disc herniation. Tr. 361-62. In short, the ALJ's statement that Dr. Mills' opinions are not supported by diagnostic studies in the record is erroneous and not supported by substantial evidence.[1] This, standing alone, requires reversal of the Commissioner's decision and remand.

### B.    Failure to Consider Plaintiff's Inability to Afford Medical Care as an Explanation for the Claimant's Failure to Pursue Follow-Up Treatment for his Severe Back Pain

The ALJ repeatedly expressed skepticism about the degree of Plaintiff's back pain because he had received limited treatment for his back condition in recent years. Tr. 15. What went unmentioned by the ALJ was the well-documented record that Plaintiff's poverty, not lack of symptoms, was the cause of his failure to pursue follow up medical care. Tr. 35-36, 363-64, 365-66, 367-68, 400-401, 406-07.

The law is well settled in this circuit that "a claimant may not be penalized for failing to seek treatment she cannot afford" because "it flies in the face of the patent purposes of the Social Security Act to deny benefits to someone because he is too poor to obtain medical treatment that may help him." *Lovejoy v. Heckler*, 790 F.2d at 1117. The *Lovejoy* court went on to state that "it is erroneous to consider the claimant's failure to seek treatment as a factor in the determination that her impairment is not severe as it would be . . . because she failed to follow prescribed treatment when that failure is justified by lack of funds." *Id.*

---

[1] The ALJ did later in his order reference the August 2013 MRI but strangely did not connect this evidence with his earlier finding that Dr. Mills opinions were not supported by diagnostic studies in the record. Tr. 14, 15.

The Court finds that the ALJ's reliance on Plaintiff's lack of follow-up treatment for his back condition and failure to consider the role of his lack of insurance or other resources to pay for such care provide a second and independent basis for reversal and remand.

## Conclusion

Based upon the foregoing, the Court hereby **REVERSES** the decision of the Commissioner and **REMANDS** this matter for further proceedings consistent with this opinion pursuant to Sentence Four of 42 U.S.C. § 405(g).

AND IT IS SO ORDERED.

_____
Richard Mark Gergel
United States District Judge

December 22, 2016
Charleston, South Carolina